NOTE 70.—Mills v. Bagby, ante, 320.

---

## [336] HOPKINS V. DONAHO.

Where the transcript of the record contained an answer marked " filed " on the fourth day of the term, and there was judgment by default: Held, That the entry of the judgment bore the highest evidence of verity, and the judgment was therefore affirmed.   (Note 71.)

A defendant who has appeared and answered is presumed to have been present in court and cognizant of the action of the court in respect to his case until it shall have been disposed of for the term by a trial or continuance.

A party who stands by in the court below and, without making any objection, suffers the court to err as to a matter of fact, as, for instance, to render judgment by default, under a misapprehension that no answer has been filed, and fails afterwards to move the court to correct the mistake, cannot take advantage of such error on appeal.

Error from Bowie.   The defendant in error brought suit against the plaintiffs in error upon a promissory note.   The defendants were duly served with process, and judgment was taken against them by default.

The judgment recites that " the defendants being duly summoned, and failing to appear and file their answer, it is considered," &c.

There is in the transcript what purports to be an answer marked " filed 3d May, 1849," that being the fourth day of the term of the court at which the judgment by default was taken.

*Morrill*, for plaintiff in error.

*Morgan*, for defendant in error.

## Hopkins v. Donaho.

WHEELER, J.   The supposed presence of the answer when the judgment was taken is the ground relied on for a reversal of the judgment.

Did it appear that there was an answer in when the judgment was taken, and that that fact was brought to the notice of [**337**] the court, there can be no doubt the objection would be fatal. (Ryburn *et al. v.* Nail, *ante*, 305.) But there is a manifest discrepancy between the apparent filing of the answer and the statement contained in the judgment as to the question of fact; and the question is, which bears the highest evidence of verity?   This question it cannot be difficult to determine.   The one is the mere act of the clerk; the other the judgment of the court.   To the former there are no witnesses but the party who produces the paper and the clerk who, at the instance of the party, marked "*filed*" upon it; the other is pronounced by the judge in open court, in the presence of the parties; is spread upon the minutes of the court; is read by the clerk at the opening of the court on the following day; and is finally approved by the judge in signing the minutes at the close of the term.   To hold that the mere apparent filing of the answer by the clerk, when not noted in the minutes nor otherwise shown by the record, shall overbear and control the recitals of the judgment would be at variance with the most obvious principle, and would open a door to abuses which may be readily conceived.   Let this principle be established, and to reverse a judgment it would only be necessary for the defendant, before the fifth day of the term, to cause the clerk to mark upon his answer "*filed*," which is a mere clerical act, done of course at the instance of the party, without an inspection of the paper or a knowledge of its contents, then to stand silently by and permit judgment to be taken by default against him, and when execution is about to issue, obtain a writ of error. The answer, being found by the clerk among the papers of the case, would be embodied in the transcript and made a ground for reversing the judgment. There is no principle of law which requires this court to sanction a practice susceptible of such abuse.

But if, in point of fact, the answer was on file, it does not appear to have been brought to the notice of the court.   A defendant who has appeared and answered is presumed to be present in court and cognizant of the action of the court in [**338**] respect to his case until it has been disposed of for the term by a trial or continuance.   When the plaintiff proposed to take his judgment by default, it was the duty of the defendant to have objected and brought his answer to the notice of the court ; or, if he had inadvertently permitted judgment to go without objecting at the time when apprised of it, which, if a vigilant suitor, he must have been, it was incumbent on him to have moved to set aside the judgment.   This, upon his showing that his answer had been filed, the court would have done of course.   But this this defendant did not ask, but stood by in silence while the court proceeded to adjudicate his rights.   And shall a party who was silent in the court below be permitted to come into this court and first ask here the relief which would have been afforded him there had he asked it?   Shall he be permitted thus to take advantage of his own negligence and wrong?   He who was silent in the court below, where he ought to have spoken, and has thus permitted the opportunity of making his defense to pass by ought not to be first heard in this court.   To borrow the language of Mr. Justice Catron in the enunciation of a similar principle, "he who holds his peace when he ought to have spoken shall not be heard now that he should be silent."   (Bank of United States *v.* Lee *et al.*, 13 Pet. R., 119.)

Judgment affirmed.

NOTE 71.—Callison *v.* Autry, *post*, 371; Pierson *v.* Burney, 14 T., 272.   A party will not be prejudiced by the failure of the clerk to file a paper if action is taken in time and in the court where the omission occurred.   (Hammock *v.* May 38 T., 196; Allen *v.* Traylor, 31 T., 124.)